Chander HASS, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–5939–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2007.

Hector Roman, Roman & Singh, Jackson Heights, NY, for Petitioner.

John O'Quinn, Assistant United States Attorney, for Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Chander Hass, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Brigitte Laforest's denial of his application for asylum, withholding of removal, and CAT relief. We presume the parties' familiarity with the underlying facts and procedural history of the case.

Although the BIA adopted the IJ's decision, it substantially modified it by finding that the majority of the IJ's findings did not support an adverse credibility determination. Instead, the BIA found that many of the IJ's findings supported its conclusion that petitioner's account was insufficiently specific and insufficiently corroborated to sustain his burden of proof. Therefore, we review the IJ's decision as modified by the BIA, i.e., minus the findings rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We decline to consider, however, whether the BIA's findings regarding the motivation of the 1985 attack, petitioner's subsequent relocation, and his return to India after coming to the United States support the BIA's conclusion that petitioner failed to sustain his burden of proof, as they constitute impermissible factfinding. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296 (2d Cir.2006). Because the BIA rejected the IJ's adverse credibility determination

and phrased its reasoning in terms of petitioner's failure to corroborate his claim, we review the BIA's decision in that respect.

Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Whereas this analysis is not required when the IJ's corroboration concerns are tied to an adverse credibility determination, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006), the agency has "no leeway" to deny an otherwise credible asylum application solely for want of corroborative evidence without first carrying out these two steps, *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). Furthermore, the applicant must be given an opportunity not only to "explain" the absence of the requested corroboration, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 394–95 (2d Cir.2005), but also "to submit what may be readily available evidence," *see Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) (explaining that these requirements are designed "not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap" (internal citations omitted)).

In support of its determination, the BIA cited the IJ's finding that Hass failed to submit documentation corroborating his father's murder. Hass was questioned extensively regarding this insufficiency and testified that nothing the IJ requested was available. Because the agency requested nothing further that Hass could have obtained, it was unreasonable to expect Hass to produce corroboration and fault him for this deficiency. *See Jin Shui Qiu*, 329 F.3d at 153. The BIA further cited the IJ's finding that Dr. Sood's affidavit was too general to corroborate petitioner's claim concerning the March 2001 attack. Hass was not questioned regarding Dr. Sood's affidavit during the hearing, and the agency failed to explain why it was reasonable to expect further corroboration of the claim. Additionally, the agency failed to explain why Davinder Kumar's affidavit was insufficient corroboration of the March 2001 incident.

Because many of these findings were in error, we cannot confidently predict that the same result would be reached on remand absent these errors, and therefore remand petitioner's asylum claim. *See Xiao Ji Chen*, 434 F.3d at 162; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 108 (2d Cir.2006). We dismiss petitioner's withholding and CAT claims because they were waived on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED as it relates to petitioner's claim for asylum. Petitioner's claims for withholding and CAT relief are DISMISSED. The BIA's order is VACATED, and the case is REMANDED for further proceedings with respect to the asylum claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).